# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS LOUIS POPKE,<br><br>    Petitioner,<br><br>    v.<br><br>CHANCE ANDES,<br><br>    Respondent. | Case No. 1:24-cv-00779-EPG-HC<br><br>ORDER DIRECTING PETITIONER TO FILE A NOTICE TO PROCEED WITH EXHAUSTED CLAIM, A NOTICE TO WITHDRAW PETITION, OR A MOTION TO STAY |

Petitioner Douglas Louis Popke is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On July 2, 2024, Petitioner filed the instant petition for writ of habeas corpus. (ECF No. 1.) On July 9, 2024, the Court ordered Petitioner to show cause why the petition should not be dismissed as unexhausted. (ECF No. 6.) To date, no response has been filed, and the time for doing so has passed.

A petitioner in state custody who is proceeding with a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before

presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971).

In the petition, Petitioner raises the following claims for relief: (1) ineffective assistance of counsel; (2) prosecutorial misconduct; and (3) insufficient evidence to support conviction due to Fourth Amendment violation. (ECF No. 1 at 8–11.[1]) It appears that only Petitioner's third ground for relief (insufficient evidence to support conviction due to Fourth Amendment violation) has been presented to the California Supreme Court. (Id. at 8.) The prosecutorial misconduct claim was only raised on direct appeal to the California Court of Appeal, (id. at 7), and it does not appear that the ineffective assistance of counsel claims have been presented to any state court.

It is possible, however, that Petitioner has presented his claims to the California Supreme Court and failed to indicate this to the Court. Although given the opportunity, Petitioner did not respond to the order to show cause and has not demonstrated that all his claims have been presented to the California Supreme Court. As it appears that Petitioner has not sought relief in the California Supreme Court for the claims that he raises in the instant petition, the Court cannot proceed to the merits of those claims. 28 U.S.C. § 2254(b)(1).

"Federal courts may not adjudicate mixed habeas petitions, that is, those containing both exhausted and unexhausted claims." Henderson v. Johnson, 710 F.3d 872, 873 (9th Cir. 2013). The Court must dismiss without prejudice a mixed petition containing both exhausted and unexhausted claims to give a petitioner an opportunity to exhaust the claims if he can do so. Lundy, 455 U.S. at 522. However, a petitioner may, at his option, withdraw the unexhausted claims and go forward with the exhausted claims. See Anthony v. Cambra, 236 F.3d 568, 574 (9th Cir. 2000) ("[D]istrict courts must provide habeas litigants with the opportunity to amend their mixed petitions by striking unexhausted claims as an alternative to suffering dismissal.").[2] Petitioner also may withdraw the entire petition and return to federal court when he has finally

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

[2] The Court notes that "prisoners filing mixed petitions may proceed with only the exhausted claims, but doing so risks subjecting later petitions that raise new claims to rigorous procedural obstacles," such as the bar against second or successive petitions. Burton v. Stewart, 549 U.S. 147, 154 (2007).

exhausted his state court remedies.[3] Additionally, Petitioner may move to stay and hold in abeyance the petition while he exhausts his claims in state court pursuant to Rhines v. Weber, 544 U.S. 269 (2005), or Kelly v. Small, 315 F.3d 1063 (9th Cir. 2002). Under Rhines, "stay and abeyance" is available only in limited circumstances, and only when: (1) there is "good cause" for the failure to exhaust; (2) the unexhausted claims are not "plainly meritless"; and (3) the petitioner did not intentionally engage in dilatory litigation tactics. 544 U.S. at 277–78. Under Kelly, a three-step procedure is used: (1) the petitioner amends his petition to delete any unexhausted claims; (2) the court in its discretion stays the amended, fully exhausted petition, and holds it in abeyance while the petitioner has the opportunity to proceed to state court to exhaust the deleted claims; and (3) once the claims have been exhausted in state court, the petitioner may return to federal court and amend his federal petition to include the newly exhausted claims. 315 F.3d at 1070–71 (citing Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 986 (9th Cir. 1998)). A petitioner's use of Kelly's three-step procedure, however, is subject to the requirement of Mayle v. Felix, 545 U.S. 644, 664 (2005), that any newly exhausted claims that a petitioner seeks to add to a pending federal habeas petition must be timely or relate back, i.e., share a "common core of operative facts," to claims contained in the original petition that were exhausted at the time of filing. King v. Ryan, 564 F.3d 1133, 1143 (9th Cir. 2009).

Accordingly, IT IS HEREBY ORDERED that within **THIRTY (30) days** of the date of service of this order, Petitioner SHALL either:

    a. Notify the Court in writing that he is willing to proceed only on the sufficiency of the evidence claim; or

    b. Notify the Court in writing that he will withdraw the entire petition; or

    c. File a motion to stay and hold in abeyance the petition while he exhausts his unexhausted claims in state court.

---

[3] Although the limitation period tolls while a properly filed request for collateral review is pending in state court, 28 U.S.C. § 2244(d)(2), it does not toll for the time a federal habeas petition is pending in federal court. Duncan v. Walker, 533 U.S. 167, 181–82 (2001).

Petitioner is forewarned that failure to follow this order will result in a recommendation for dismissal of the mixed petition as unexhausted and pursuant to Federal Rule of Civil Procedure 41(b) (a petitioner's failure to prosecute or to comply with a court order may result in a dismissal of the action).

IT IS SO ORDERED.

Dated:  **September 4, 2024**              /s/ Erica P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE