# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS LOUIS POPKE,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>CHANCE ANDES,<br><br>　　　　Respondent. | Case No. 1:24-cv-00779-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO DISMISS UNEXHAUSTED CLAIMS AND ALLOW PETITIONER TO PROCEED WITH EXHAUSTED CLAIM<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE |

Petitioner Douglas Louis Popke is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. As Petitioner's first and second claims for relief are unexhausted, the undersigned recommends dismissing the unexhausted claims and allowing Petitioner to proceed with his exhausted sufficiency of the evidence claim.

**I.**

**BACKGROUND**

On July 2, 2024, Petitioner filed the instant petition for writ of habeas corpus. (ECF No. 1.) On July 9, 2024, the Court ordered Petitioner to show cause why the petition should not be dismissed as unexhausted. (ECF No. 6.) No response to the order to show cause was filed, and on September 4, 2024, the Court ordered Petitioner to file a notice regarding how he would like to proceed. (ECF No. 8.) On January 29, 2025, Petitioner filed a notice to proceed on his exhausted claim. (ECF No. 13.)

## II.

## DISCUSSION

A petitioner in state custody who is proceeding with a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971).

In the petition, Petitioner raises the following claims for relief: (1) ineffective assistance of counsel; (2) prosecutorial misconduct; and (3) sufficiency of the evidence. (ECF No. 1 at 8–11.[1]) It appears that only Petitioner's sufficiency of the evidence claim has been presented to the California Supreme Court. (Id. at 8.) The prosecutorial misconduct claim was only raised on direct appeal to the California Court of Appeal, (id. at 7), and it does not appear that the ineffective assistance of counsel claim has been presented to any state court. Petitioner does not dispute that these claims have not been presented to the California Supreme Court, and thus, are unexhausted. (ECF No. 13.)

"Federal courts may not adjudicate mixed habeas petitions, that is, those containing both exhausted and unexhausted claims." Henderson v. Johnson, 710 F.3d 872, 873 (9th Cir. 2013). The Court must dismiss without prejudice a mixed petition containing both exhausted and unexhausted claims to give a petitioner an opportunity to exhaust the claims if he can do so. Lundy, 455 U.S. at 522. However, a petitioner may, at his option, withdraw the unexhausted claims and go forward with the exhausted claims. See Anthony v. Cambra, 236 F.3d 568, 574 (9th Cir. 2000) ("[D]istrict courts must provide habeas litigants with the opportunity to amend

///

///

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1  their mixed petitions by striking unexhausted claims as an alternative to suffering dismissal.").[2]
2  Petitioner also may withdraw the entire petition and return to federal court when he has finally
3  exhausted his state court remedies.[3] Additionally, Petitioner may move to stay and hold in
4  abeyance the petition while he exhausts his claims in state court pursuant to Rhines v. Weber,
5  544 U.S. 269 (2005), or Kelly v. Small, 315 F.3d 1063 (9th Cir. 2002).

6  As noted above, Petitioner has elected to go forward with his exhausted sufficiency of the
7  evidence claim. (ECF No. 13.) As Petitioner has presented the Court with a mixed petition and
8  has elected not to stay the case, the Court "should allow the petitioner to delete the unexhausted
9  claims and to proceed with the exhausted claims if dismissal of the entire petition would
10 unreasonably impair the petitioner's right to obtain federal relief." Rhines, 544 U.S. at 278
11 (citing Lundy, 455 U.S. at 520). Accord Dixon v. Baker, 847 F.3d 714, 719 (9th Cir. 2017).

**III.**

**RECOMMENDATION & ORDER**

Accordingly, the undersigned HEREBY RECOMMENDS that:

1. The unexhausted first and second claims for relief be dismissed; and
2. Petitioner be allowed to proceed with the exhausted sufficiency of the evidence claim.

Further, the Clerk of Court is DIRECTED to randomly assign a District Court Judge to the present matter.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, Petitioner may file written objections, **no longer than fifteen (15) pages, including exhibits**, with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate

---

[2] The Court notes that "prisoners filing mixed petitions may proceed with only the exhausted claims, but doing so risks subjecting later petitions that raise new claims to rigorous procedural obstacles," such as the bar against second or successive petitions. Burton v. Stewart, 549 U.S. 147, 154 (2007).

[3] Although the limitation period tolls while a properly filed request for collateral review is pending in state court, 28 U.S.C. § 2244(d)(2), it does not toll for the time a federal habeas petition is pending in federal court. Duncan v. Walker, 533 U.S. 167, 181–82 (2001).

Judge's Findings and Recommendation." The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **February 13, 2025**            /s/ Erica P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE